## HAMMERSCHLAG MANUF'G CO. *v.* JUDD.[1]

*(Circuit Court, D. Massachusetts. August 20, 1886.)*

**1.** PATENTS FOR INVENTIONS — HAMMERSCHLAG REISSUE No. 8,460 — IMPROVEMENT IN WAXING PAPER.

Notwithstanding the decisions sustaining the fifth claim of the Hammerschlag reissue 8,460, for improvement in waxing paper, (*Hammerschlag* v. *Scamoni,* 7 Fed. Rep. 584; *Hammerschlag* v. *Garrett,* 9 Fed. Rep. 43; *Hammerschlag Manuf'g Co.* v. *Wood,* 18 Fed. Rep. 175;) a preliminary injunction refused, the court having doubts on the question of infringement.

**2.** SAME — PRIOR ADJUDICATIONS — INFRINGEMENT.

Although due weight is given to prior adjudications upon a patent, the question of infringement is still to be determined in each particular case as it arises.

**3.** SAME — CONSTRUCTION OF HAMMERSCHLAG PATENT — INFRINGEMENT OF PROCESS.

The process described by Hammerschlag consists of several steps: Spreading the wax upon the surface; heating the paper from the opposite side, to spread and fuse the wax into the fabric of the paper; removing the surplus wax; and remelting and polishing the wax upon the paper. It not being shown that defendant's machine removed any of the surplus wax, or remelted and polished the wax upon the surface of the paper, infringement is not clear, and an injunction denied.

In Equity.

*Roscoe Conkling* and *Louis W. Frost,* for complainant.

*Causten Browne,* for defendant.

COLT, J. Without questioning the soundness of the decisions in several circuits, including this, in favor of the fifth claim of the Hammerschlag patent, I cannot see my way clear, upon the papers before me, to grant a preliminary injunction in this case. Giving due weight to all prior adjudications, and recognizing their scope, the question of infringement is still to be determined in each particular case as it arises. Bearing in mind that the fifth claim of the patent is for a process, and giving it the broad construction adopted by Mr. Justice BLATCHFORD and Judge LOWELL, I am still not free from doubt on the question of infringement. The process described by Hammerschlag consists of several steps : Spreading the wax upon the surface; heating the paper from the opposite side, to spread and fuse the wax into the fabric of the paper; removing the surplus wax; and remelting and polishing the wax upon the paper. The machine is thus described by Judge LOWELL:

"The wax is spread upon the paper by means of a heated cylinder, which revolves in a bath of melted paraffine; it then passes over a heated roller, which diffuses it equally; then over a scraper, which removes the surplus wax; and then over a polishing roller, and is wound upon a reel."

In the Judd machine the paper passes over two wicks, which draw up the heated wax from the tank. These wicks have the form of

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

segments of a circle, and they are composed of canton flannel, covering a metal support; the flannel having a loose end, which hangs in the melted wax. Between the two wicks there is a heated roller or rod, over the surface of which the paper passes.

The defendant contends that in the operation of his machine there is no melting and diffusing of the wax throughout the fabric of the paper, nor heating the paper from the opposite side to fuse the wax on the surface of the paper, nor removing of the surplus wax, nor remelting and polishing the wax over the paper; in other words, that he does not use the Hammerschlag process. He insists especially that in his machine the wax is never remelted or polished; that the paper takes its last portion of the wax at the end of the second wick, and after that merely cools. To prove that the heated roller does not diffuse the wax, he removed the first wick, so that the paper could take no wax until after the roller was passed, and the machine continued to make good wax paper. Further, he says that the paper absorbs but little wax in the form of streaks from the first wick, and that it is when passing over the second wick that sufficient paraffine is absorbed to completely saturate the paper, and that, therefore, the roller does not diffuse the paraffine over the paper. The position of defendant is that his machine works by absorption only.

On the other hand, the complainant contends that the Judd machine does embody substantially the different steps of the Hammerschlag process; that by means of wicks a supply of melted wax is spread upon the surface of the paper; that the drawing of the paper beneath the roller, which is between the wicks, will necessarily have a distributing effect; and that, by the movement of the paper over the convex surface of the wicks and the end of the second wick, the surplus wax is removed, and the wax polished upon the paper.

Upon careful consideration of all the evidence before me, I am not clear that defendant's machine is an infringement of the fifth claim of the Hammerschlag patent. Even assuming that the roller in the Judd machine operates to some extent to diffuse the wax, which the defendant denies, still I am not able to say that the plaintiff has shown that in the operation of the Judd machine there is any removing of the surplus wax, or any remelting and polishing the wax upon the surface, which constitute the last two steps of the patented process. There are important differences, it appears to me, between the Judd machine and the other machines the courts have held infringed the Hammerschlag patent.

The motion for a preliminary injunction must be denied.